IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 89-49-3-~~JRR~~ KAJ |
| Plaintiff, | ) |
| v. | ) |
| IGNAZIO LENA, | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S OBJECTION TO DEFENDANT'S REDUCTION OF SENTENCE**

COMES NOW, the above named Defendant Ignazio Lena, hereinafter referred to as "Defendant," by and through his undersigned counsel, and files his Response to the Government's Objections to Defendant's Reduction of Sentence. It should be noted, that the Government inadvertently forwarded his objections to counsel's old office address and the Government's motion was obtained by undersigned counsel on this date. In response, the Defendant states the following:

**I. RESENTENCING IS APPROPRIATE IN THIS CASE**

The disparity of sentencing that occurred in this case is obvious. First, the two level enhancement, based on the purity level of drugs analyzed in this case, was applied unfairly to the Defendant. Second, the gun enhancement imposed is inconsistent with the Third Circuit Court of Appeal's decision issued in co-defendant Bellitti's case as well as the sentencing guidelines. To permit these enhancements to stand would be an injustice for co-defendant Lena. The Government has failed to address the disparity of sentencing

issue as to whether Lena now should have the benefit that was afforded to Bellitti upon his resentencing.

## II. JURISDICTION IS CORRECT CONSISTENT WITH TITLE 18 U.S.C. SECTION 3582(C)(2) AND RULE 60(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Contrary to the Government's assertion, Telesford v. United States, 2004 WL 724959 (D.Del., Mar. 31, 2004) does not bar the Defendant from seeking sentencing relief consistent with his Rule 60(b) motion.. Here, Defendant seeks relief from the Court's previous judgments denying his Section 2255 motions, which also had addressed sentencing issues. Revisiting a court's prior rulings is permitted in this instance, especially given the facts surrounding the ruling in co-defendant Bellitti's case which occurred post-Defendant's writ of habeas corpus rulings. Moreover, consistent with United States v. Booker, 125 S. Ct. 738 (2005) as indicated in the attached motion, the Defendant's sentence should be re-evaluated. Had the previous Court ruled correctly in favor of Defendant's section 2255 motions, the relief sought here would have been unnecessary. Jurisdiction remains proper and consistency of sentencing is required to avoid the disparity that currently exists.

## III. THE DEFENDANT SHOULD BE RESENTENCED CONSISTENT WITH THE U.S. SUPREME COURT'S RULING IN UNITED STATES V. BOOKER, 125 S. CT. 738 (2005).

Attached to Defendant's response is a supplemental motion that had previously been filed. This motion was not addressed by the Government in its response and the arguments presented are included in Defendant's request for resentencing.

## IV. CONCLUSION

The Defendant requests that this Court vacate his sentence and/or grant such other relief as the Defendant may be entitled to receive. Alternatively, consistent with <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Defendant should be entitled to a new sentencing hearing.

Respectfully submitted,

Robert G. Levitt, Esq.
Colorado Reg. 24252
Counsel for Defendant
600 17th Street
Suite 2800 South
Denver, Colorado 80202
(303) 377-9000

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent by first class mail this 4th day of February, 2006 to:

Richard Andrews, Esq.
Assistant United States Attorney
Office of the United States Attorney
1201 Market Street, Suite 1100
Wilmington, Delaware 19899-2046

Robert G. Levitt, Esq.