IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 89-49-3-~~JRR~~ KAJ |
| Plaintiff, | ) | |
| | ) | FILED |
| v. | ) | |
| | ) | FEB - 6 2006 |
| IGNAZIO LENA, | ) | |
| | ) | U.S. DISTRICT COURT |
| Defendant. | ) | DISTRICT OF DELAWARE |

**MOTION TO SUPPLEMENT DEFENDANT'S PREVIOUSLY FILED MOTION
FOR RESENTENCING PURSUANT TO 18 U.S.C. SECTION 3582,
OR IN THE ALTERNATIVE, TO REDUCE DEFENDANT'S SENTENCE
PURSUANT TO RULE 60(B)(6) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

COMES NOW, the above named Defendant Ignazio Lena, hereinafter referred to as "Defendant," by and through his undersigned counsel, and files his Motion to Supplement his previously filed Motion for Resentencing Pursuant to Title 18 U.S.C. Section 3582, or in the Alternative, Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure and states as follows:

### I. INTRODUCTION

The Defendant previously filed a Motion for resentencing based on two assertions: (1) That the purity level of drugs assessed in this case pursuant to U.S.S.G. Section 2D1.1, which resulted in a two level increase of the base offense level over similarly situated co-defendants, is inconsistent with the facts and law of this case as well as the sentencing guidelines; and (2) that the gun enhancement imposed in this case pursuant to U.S.S.G. Section 2D1.1(b)(1), which resulted in a two level enhancement, is improper

based on the Third Circuit Court of Appeal's decision issued in co-defendant Bellitti's case as well as the sentencing guidelines. The Defendant hereby incorporates his previously filed motion herein.

Subsequent to Defendant's previously filed Motion which is now pending before this Court, the U.S. Supreme Court in United States v. Booker, 125 S. Ct. 738 (2005) held that the Sixth Amendment right to a jury trial requires that current federal sentencing guidelines be advisory and not mandatory. The Court concluded that its 2004 decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), which said, that state juries and not judges should decide the factors that increase sentences, will apply to the federal sentencing guidelines. The Defendant asserts that he should be resentenced based on this new ruling consistent with Title 18 U.S.C. Section 3582 and Rule 60(b)(6) of the Federal Rules of Civil Procedure.

## II. JURISDICTION AND APPLICATION OF TITLE 18 U.S.C. SECTION 3582(C)(2) AND RULE 60(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

The relevant statute requiring that the Defendant be resentenced is outlined in Title 18 U.S.C. Section 3582(c)(2) which states as follows:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. Section 994(c), *upon motion of the defendant* or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in

      section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. Section 3553(a) provides for a number of factors to be considered in imposing a sentence. In the instant case, the most relevant provision is section (a)(6) which states, "The Court, in determining the particular sentence to be imposed, shall consider-the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Consistent with this provision, similarly situated defendants now have the benefit of receiving a sentence based on the rulings of Blakely and Booker in which the Court can excise the provisions of Section 3553(b)(1). An unwarranted disparity exists in the Defendant's current sentence with all similarly situated defendants who are now being sentenced for the first time under the Booker standards.

    Traditionally, Title 18 U.S.C. Section 3582(c)(2) has been applied to those cases in which a specific sentencing range has been lowered for a corresponding offense. Here, Booker has indeed altered the sentencing guideline application by in essence, eliminating specific guideline provisions in their mandatory use in the sentencing scheme. Thus, the Court is no longer required to follow any of the guideline provisions and the focus of sentencing as stated under Section 3582(c)(2) are the criteria listed under Section 3553(a). Clearly, U.S. Supreme Court decisions can overrule the Sentencing Commission on interpreting how the guidelines are to be applied to specific cases. In this instance, "extraordinary and compelling reasons warrant such a reduction" consistent

with all the criteria of Section 3553(a) as indicated below.  See generally, 18 U.S.C. Section 3582(c)(1)(A)(i).

Alternatively, Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:…(6) any other reason justifying relief from the operation of the judgment."  Currently, the sentence imposed in this instance should be vacated in order to insure consistency in sentencing with similarly situated defendants who now have the benefit of being sentenced consistent with the Booker decision.  Sentencing disparity between defendants should be avoided and Rule 60(b)(6) provides for such relief.

### III. SUPPLEMENTAL ISSUE

**The Defendant should be resentenced consistent with the U.S. Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005) and the Sixth Amendment to the United States Constitution.**

### IV. SUMMARY OF RELEVANT FACTS

The facts of this case are simple.  The Defendant entered a guilty plea and all sentencing matters were determined by the Judge without the benefit of a jury determining the appropriate application of the federal sentencing guidelines.  The Judge applied the sentencing guidelines based on the total quantity of cocaine and heroin assessed in this case.  The Court, while accepting the Probation Officer's assessment, set the base offense level at thirty-six (36).  The Court then assessed a two (2) level increase for the Defendant's alleged possession of a firearm during the commission of the offense pursuant to U.S.S.G. Section 2D1.1.  Once again, the Court applied a preponderance of

the evidence standard. Finally, the Court imposed a two (2) level increase based on the purity of heroin discovered in this case. It should be noted that this two (2) level enhancement was not applied to co-defendant Bellitti who was also assessed the same base offense level of thirty-six (36). See generally, United States of America v. Francesco Bellitti, U.S. District Court for the District of Delaware, Case No. 89-49-002. None of these enhancements were determined by a jury and the Defendant received a disproportionate sentence compared with that of his co-defendants.

## V. ARGUMENT OF FACT AND LAW

**The Defendant should be resentenced consistent with the U.S. Supreme Court's ruling in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) and the Sixth Amendment to the United States Constitution.**

-Application of the Sixth Amendment in the Context of Sentencing.

The U.S. Supreme Court in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), decided January 12, 2005, held that the federal sentencing guidelines are no longer mandatory and judges may rely upon them as advisory tools. Prior to <u>Booker</u>, the Court in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), invalidated, pursuant to the Sixth Amendment right to jury trial, a statute of the State of Washington that authorized the sentencing court to impose a sentence above the "standard range" set forth in the statute, if it found any aggravating factors that justified such a departure. The impact of <u>Blakely</u> in the context of <u>Booker</u> appears to be that the United States Sentencing guidelines, and the "non-jury factual findings" involved in their ordinary application by the federal courts, violate the Sixth Amendment right to trial by jury. The Supreme Court now holds that the Due Process Clause and the Sixth Amendment's right to trial by jury "entitle a criminal

defendant to a jury determination that [he] is guilty of every element of the crime with which he is charged beyond a reasonable doubt." Blakely, at 477. "The term 'sentence enhancement' is used to describe an increase beyond the maximum authorized statutory maximum sentence, is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict," and therefore must be submitted to the jury. Id. at 494 n. 19. See also, Apprendi v. New Jersey, 530 U.S. 466 (2000).

In United States v. Booker, 125 S. Ct. 738 (2005), the Court has held that sentencing guidelines, as they are now applied, are unconstitutional. Furthermore, the Court held that the sentencing guidelines implicated the Sixth Amendment's requirement of a jury trial. "We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. Indeed, everyone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the SRA the provisions that make the Guidelines binding on district judges..." Id. at 8-9. The mandatory aspect of applying the sentencing guidelines is no longer required and to do so would violate the Sixth Amendment to the United States Constitution. Thus, by applying the guidelines, as in this case, in a mandatory fashion is now a violation of the Sixth Amendment.

Moreover, a Sixth Amendment violation occurs if a sentencing court fails to consider all of the factors listed under Title 18 U.S.C. Section 3553(a). Consistent with Blakely and now Booker, the guidelines imposed violate the Defendant's Sixth Amendment rights to a jury trial because the specific facts supporting the guidelines were not found by a jury beyond a reasonable doubt standard.

**-Avoiding Sentencing Disparity With Other Defendants.**

The Supreme Court's ruling in Teague v. Lane, 489 U.S. 288 (1989) is the standard for determining retroactive application. Although the U.S. Supreme Court has made no specific rulings regarding retroactive application of Booker, the recent cases suggest otherwise. The ruling in United States v. Booker, 125 S. Ct. 738 (2005), is based on a new constitutional law that is substantive, in finding that the sentencing guidelines are advisory and their direct application is in violation of the Sixth Amendment to the United States Constitution. Therefore, Teague does not impose a bar in applying Booker in the context of filing a motion for resentencing.

Moreover, every convicted defendant should be treated the same as newly indicted defendants who now have the benefit of receiving an accurate sentence pursuant to the standards enunciated in Booker. See generally, 18 U.S.C. Section 3553(a). Sentencing disparity affects the notions of "fundamental fairness and accuracy of the criminal proceeding." Saffle v. Parks, 494 U.S. 484, 495 (1990). The Defendant asserts that the ruling in Booker, reflects upon a new constitutional law that is substantive in applying the standards for pursing the instant motion and sentencing disparity among similarly situated defendants should be avoided at all costs. See Equal Protection Clause and United States of America v. Francesco Bellitti, U.S. District Court for the District of Delaware, Case No. 89-49-002.

**-Remedy Applicable to Sentencing Pursuant to Booker.**

The U.S. Supreme Court now requires that the guidelines are advisory and that in order to avoid Sixth Amendment violations, two pertinent sections, Title 18 U.S.C. Section 3553(b)(1) and Section 3742(e), must be eliminated in a sentencing scheme. As

the Second Circuit held in United States v. Crosby, 397 F.3d 103 (2nd Cir. 2005), there exist,

> several essential aspects of Booker/Fanfan that concern the selection of sentences. First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). Third, consideration of the Guidelines will normally require determination of the applicable Guideline ranges, and consideration of applicable policy statements. Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (i) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence. Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence. Id.

Clearly, Booker allows judges to now consider all factors outlined in section 3553(a) thereby "achieving somewhat more individualized justice." Id.

Here, the Defendant received an enhancement based on the purity of drugs when co-defendant Bellitti did not receive such an enhancement, the Defendant pled guilty but did not receive a reduction pursuant to U.S.S.G. Section 3E1.1, the Defendant had no prior record yet received a proportionately higher sentence than his codefendants as well as other personal criteria are now matters that this Court can consider in individualizing a sentence reflecting factors outside of Title 18 U.S.C. Section 3553(b)(1). Parenthetically, the Court can now consider all the criteria listed under Title 18 U.S.C. Section 3553(a) independently of specific downward departure provisions. Although individually these factors (i.e., acceptance of responsibility, sentencing disparity with co-defendant Bellitti, post-conviction rehabilitation efforts during incarceration, etc.) may not justify a

particular departure under Section 5 of the United States Sentencing Guidelines, these issues can now be considered by the Court in formulating an appropriate sentence.

Specifically, 18 U.S.C. Section 3553(a) provides:

(a) factors to be considered in imposing a sentence—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of the subsection. The court, in determining the particular sentence, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence of criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentences and the sentencing range established for—

(5) any pertinent policy statement—

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Under Booker, the Defendant could now receive a sentence that reflects his acceptance of responsibility as well as his disproportionate sentence independently of any of the stated downward departures outlined in the Sentencing Guidelines, his personal background under Section 3553(a)(1), or other criteria now considered under Section 3553(a). In the context of a new sentencing hearing, this Court can now consider all relevant criteria previously excluded from the sentencing scheme.

The Third Circuit Court of Appeals in United States v. Davis, 2005 U.S. App. LEXIS 7333, held that a pre-Booker sentence is presumed to be prejudicial and a defendant should be resentenced if the sentence was imposed under a mandatory guideline scheme. Here, the Defendant was sentenced under such a mandatory guideline scheme. As the Court in Davis stated,

> In our review of pre-Booker cases, many of the direct appeals call for a plain error analysis because defendants did not raise the sentencing issue before the District Court. See Fed.R.Crim. P.52(b). Where a defendant demonstrates "error" that is "plain," and that "affects substantial rights," we may correct that error where the "fairness, integrity, or public reputation of judicial proceedings" was affected. United States v. Evans, 155 F.3d 245, 251 (3rd Cir. 1998). As explained in Evans, an error will affect substantial rights where it is prejudicial and "affected the outcome of the district court proceedings." Id. (quoting United States v. Olano, 507 U.S. 725, 734, 123 L.Ed. 2d 508, 113 S.Ct. 1770 (1993).

Since the Defendant is not seeking an appeal, as Davis did, the review of his sentence is therefore not subject to the procedural hurdles that exist during direct appellate review (i.e., plain-error review). This Defendant need not prove actual prejudice or that the sentence imposed affected his substantial rights, although he would contend that the sentence imposed was clearly disproportionate based on all the criteria listed under Section 3553(a). Nevertheless, the disproportionate sentence as imposed does affect the Defendant's substantial rights and allowing this sentence to stand is unfair and affects the integrity of the judicial system. The sentencing record in this case reflects the Court's reliance on the Guidelines in determining Defendant's sentence. Arguably, the Defendant asserts that had the Court not been forced to follow the strict requirements of

the Sentencing Guidelines, involving specific downward departure provisions, a lesser sentence could have been imposed.

A Sixth Amendment violation has occurred as the Defendant can establish that the sentence he received was longer than that which he would have received if the Court was not required to follow the sentencing guidelines under a pre-Booker sentencing scheme. If such a violation occurred, then the Defendant's substantial rights were affected. This Court must examine the totality of the record, including mitigating factors to be introduced during an evidentiary hearing, to determine whether "sentencing under an advisory scheme rather than a mandatory one would have resulted in a significantly different result." If the answer is yes, then this Court should revisit the Defendant's current sentence and reduce it accordingly. Now, this Court may consider all factors within the provisions of Section 3553(a).

Finally, the record remains void as to whether this Court would have imposed the same sentence if the guidelines were relegated to an advisory tool. Most importantly, the Defendant should be given the opportunity to present evidence to substantiate his claim that after considering all of the factors under Section 3553(a), a reasonable sentence would reflect a lesser sentence then the sentence currently imposed. Arguably, the Court can now impose any sentence consistent with the mandatory minimum assessed in this case. Booker now permits the Court to sentence independently of the guidelines. As the Court in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) determined subsequent to Booker, if there exists "new circumstances that have arisen or events occurred since Hughes was sentenced that impact the range prescribed by the guidelines, the district court should adjust its calculation accordingly." This same standard should be

applicable to the Defendant including his post-conviction rehabilitation efforts as a basis for permitting a new sentencing scheme.

Only by permitting a new sentencing hearing, will this Court be able to evaluate the reasonableness of Defendant's current sentence given the factors listed under Section 3553(a). Booker does not dictate the weight given to specific factors under Section 3553(a) as long as the record reflects some degree of consideration by the Court. It is imperative that this Court be given the opportunity to evaluate all factors and state on the record the basis for imposing a particular sentence while excising Section 3553(b)(1). This Court may now evaluate the "reasonableness" of Defendant's sentence and impose a sentence independently of the stated guidelines.

## VI. CONCLUSION

The Defendant requests that this Court vacate his sentence and/or grant such other relief as the Defendant may be entitled to receive. Alternatively, consistent with Blakely and Booker, the Defendant should be entitled to a new sentencing hearing.

Respectfully submitted,

Robert G. Levitt, Esq.
Colorado Reg. 24252
Counsel for Defendant
600 17th Street
Suite 2800 South
Denver, Colorado 80202
(303) 377-9000

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent by first class mail this 29th day of June, 2005 to:

Richard Andrews, Esq.
Assistant United States Attorney
Office of the United States Attorney
1201 Market Street, Suite 1100
Wilmington, Delaware 19899-2046

_____
Robert G. Levitt, Esq.