IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 89-49-3-KAJ |
| | ) |
| IGNAZIO LENA, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM

### I. BACKGROUND

In February 1990, a federal grand jury returned a superseding indictment charging eleven individuals, including defendant Ignazio Lena ("Lena"), with conspiracy to distribute heroin and cocaine from the summer of 1986 through July 18, 1989. (D.I. 512)  Lena and several co-defendants were also charged with other offenses.  On June 11, 1990, Lena pled guilty to:  (1)  conspiracy to distribute cocaine and heroin in violation of 21 U.S.C. § 841(a)(1) and § 846;  (2)  distribution of 1271 grams of heroin in violation of 21 U.S.C. § 841(a)(1);  and (3) racketeering in violation of 18 U.S.C. § 1962. The Honorable Jane R. Roth sentenced Lena to 340 months in prison, and the United States Court of Appeals for the Third Circuit affirmed Lena's conviction and sentence.[1]

Thereafter, Lena filed two § 2255 motions to vacate, correct, or modify his sentence.  The Honorable Joseph J. Longobardi denied the first § 2255 motion without prejudice, and the second § 2255 motion with prejudice. (D.I. 399; D.I. 400; D.I. 434)

---

[1]This case was re-assigned to the undersigned on September 24, 2003.

The Third Circuit affirmed the denial of Lena's second § 2255 motion. (D.I. 585, at Exh. 8)

Pending before me is Lena's motion for re-sentencing pursuant to 18 U.S.C. § 3582(c)(2), or in the alternative, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (D.I. 583)  Lena contends that I should reduce his sentence because one of his co-defendants, Francesco Bellitti, was re-sentenced in 2001 and received a sentence that is only 78 months greater than Lena's original sentence.[2]  The Government asserts that I must deny the motion for lack of jurisdiction. (D.I. 609)

## II. DISCUSSION

### A. Section 3582 Motion

Pursuant to 18 U.S.C. § 3582(c)(2), a federal district court may only modify a defendant's previously imposed sentence if:  (1) the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o);  and (2) the factors delineated in 18 U.S.C. § 3553(a) warrant a sentence reduction.  *See, e.g., United States v. Sanchez*, 140 Fed. Appx. 409, 410 (3d Cir. 2005)(non-precedential decision).

According to Lena, his sentence can be reduced pursuant to § 3582(c)(2) because Amendment 439 to United States Sentencing Guideline § 1B1.3 and the

---

[2] Bellitti pled guilty to numerous drug offenses in 1990, and he was sentenced to a total of 420 months incarceration.  The Third Circuit affirmed Bellitti's conviction and sentence.  After filing a motion to vacate, modify, or correct his sentence pursuant to 28 U.S.C. § 2255, Belliti entered into an agreement with the Government to dismiss the § 2255 motion in exchange for a re-sentencing hearing.  On July 18, 2001, the Honorable Roderick R. McKelvie re-sentenced Bellitti to a new term of 262 months. (D.I. 585)

United States Supreme Court decision *United States v. Booker*, 543 U.S. 220 (2005) lowered the sentencing range applicable to him. (D.I. 583; D.I. 611) Lena also contends a sentence reduction is warranted under § 3553(a) due to the disparity between his and Bellitti's new sentence.[3] (D.I. 583)

After reviewing Lena's arguments, I conclude that I cannot reduce his sentence pursuant to § 3582(c)(2). First, Lena was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Amendment 439 is not included in the list of Guideline amendments triggering a sentence reduction under § 3582(c)(2), and *Booker* is not the equivalent of a Sentencing Guidelines amendment under § 3582(c). *See* U.S.S.G. § 1B1.10(c)(listing the triggering amendments); *United States v. Hall*, 2005 WL 1176049, at *3 n.4 (E.D. Pa. May 17, 2005)(explaining that *Booker* is unrelated to any change in the Guidelines and is therefore outside the scope of a sentence modification under 3582(c)(2)); *cf. United States v. McBride*, 283 F.3d 612, 615-16 (3d Cir. 2002)(no *Apprendi* premised § 3582(c)(2) relief). Moreover, Lena "cannot rely upon § 3553(a)(6) to seek a reduced sentence designed to lessen the disparity" between his sentence and Bellitti's sentence. *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006)("Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case.")

Accordingly, I will deny Lena's motion for re-sentencing asserted pursuant to 18

---

[3]Lena asserts that the disparity is unfair because his role in the drug conspiracy was less important than Bellitti's managerial role.

3

U.S.C. § 3582(c)(2).

### B. Rule 60(b) Motion

A federal prisoner may use Federal Rule of Civil Procedure 60(b) to seek relief from a district court's denial of his § 2255 motion, but a prisoner may not use Rule 60(b) to collaterally challenge his underlying criminal judgment. *Pridgen v. Shannon,* 380 F.3d 721 (3d Cir. 2004). Consequently, when a prisoner files a Rule 60(b) motion subsequent to a district court's denial of § 2255 motion, the court must determine whether the motion is, in essence, a second or successive § 2255 motion, or whether the motion challenges the manner in which the § 2255 motion was decided. *Id.* at 727; *Harper v. Vaughn*, 272 F. Supp. 2d 527, 531 (E.D.Pa. 2003). If the motion constitutes a second or successive § 2255 motion, a district court does not have jurisdiction to review the merits, absent authorization from the appropriate court of appeals. *Pridgen*, 380 F.3d at 727; 28 U.S.C. § 2244(a), § 2255.

Here, Lena filed two § 2255 motions, both of which were denied by the Honorable Joseph J. Longobardi.[4] The record here reveals that the arguments asserted in Lena's Rule 60(b) motion regarding the two enhancements to his sentence are actually a challenge to the validity of the judgment of sentencing and not to the manner in which his prior § 2255 motions were denied. Similarly, Lena's *Booker* argument constitutes a challenge to the validity of his sentence and not a challenge to the manner in which his prior § 2255 motions were denied.[5] *See Gonzalez v. Crosby*,

---

[4](D.I. 399; D.I. 400; D.I. 434.)

[5]Moreover, Lena's *Booker* argument is unavailing because *Booker* does not apply retroactively to cases on collateral review. *See Lloyd v. United States*, 407 F.3d

545 U.S. 524, 125 S.Ct. 2641, 2647 (2005)(explaining that a motion raising a subsequent change in substantive law is in substance a successive habeas petition under 28 U.S.C. § 2254); *United States v. Whyte*, 2006 WL 751385 at *1 (3d Cir. 2006)(applying *Gonzalez* to a § 2255 motion)(non-precedential)); see *In re Olopade*, 403 F.3d 159 (3d Cir. 2005)(holding that *Booker* is not a basis for authorizing a second or successive § 2255 motion). Therefore, I conclude that the instant Rule 60(b) constitutes a successive § 2255 motion.

The record further reveals that Lena did not obtain an order from the Third Circuit authorizing his filing of the instant motion. See 28 U.S.C. § 2244(b)(3). Therefore, pursuant to 28 U.S.C. § 2244(a) and § 2255, I will dismiss Lena's Rule 60(b) motion for lack of jurisdiction. See *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002)("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals"); *Torres v. Senkowski*, 316 F.3d 147, 152 (2d Cir. 2003)(holding that a district court must dismiss a second or successive habeas petition).

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Ignazio Lena's motion to waive the rule requiring designation of local counsel is GRANTED for the limited purpose of filing the motion for re-sentencing. (D.I. 582.)

---

608 (3d Cir. 2005).

2. Ignazio Lena's motion to supplement his previously filed motion for re-sentencing is GRANTED. (D.I. 611.)

3. Ignazio Lena's motion for re-sentencing is DENIED. (D.I. 583.)

4. I decline to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

_____
UNITED STATES DISTRICT JUDGE

Wilmington, Delaware
December 5, 2006