**DLD-290**                                                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-5089
_____

UNITED STATES OF AMERICA

v.

IGNAZIO LENA
a/k/a
Eddy Lena


Ignazio Lena,

Appellant
_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Crim. No. 89-cr-00049-3)
District Judge: Honorable Kent A. Jordan
_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
and/or For a Certificate of Appealability
June 28, 2007

Before: BARRY, AMBRO and FISHER, Circuit Judges.

(Filed July 27, 2007)
_____

OPINION
_____

PER CURIAM

    Ignazio Lena appeals from the District Court's order denying his motion under 18 U.S.C. § 3582 for a reduced sentence. Because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court.

    In 1990, Ignazio Lena pleaded guilty to charges that he engaged in a conspiracy to distribute cocaine and heroin in violation of 21 U.S.C. § 841(a)(1), distribution of heroin in violation of 8 U.S.C. § 841(a)(1), and racketeering in violation of 18 U.S.C. § 1962(c). The District Court determined that his base offense level was 36. The court imposed a two-level enhancement pursuant to U.S.S.G. § 2D.1(b)(1) for possession of a firearm and a two-level enhancement for the purity of the drugs involved, yielding a total offense level of 40 and a sentencing range of 292-365 months. Lena was sentenced to a term of imprisonment of 340 months. He appealed his sentence, which we affirmed. United States v. Lena, 928 F.2d 398 (3d Cir. 1991) (table).

    Lena filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 seeking to void his guilty plea and sentence. It was denied without prejudice. Lena filed his second § 2255 motion claiming that his counsel was ineffective in advising him to accept the plea agreement. The District Court denied the motion and we affirmed. See United States v. Lena, C.A. No. 97-7364 (3d Cir. May 1, 1998).

    In 1997, Francesco Bellitti, one of the leaders of the conspiracy, was granted a re-sentencing hearing. At the hearing, Bellitti, who had received a 420-month sentence, was sentenced to 262 months' imprisonment.

Lena then filed this motion for re-sentencing pursuant to 18 U.S.C. § 3582(c)(2), or in the alternative, for relief from judgment pursuant to FED. R. CIV. P. 60(b)(6). In his motion he claimed that his sentence should be reduced to eliminate the disparity between his and Bellitti's sentence. He argued that the imposition of the two-level enhancement for the purity of drugs involved was inequitable because Bellitti was not assessed with a similar enhancement. He also argued that the enhancement under 2D1.1(b) for possession of a firearm was in error because it was not reasonably foreseeable that his co-conspirators would be armed. He subsequently added the claim that the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), retroactively reduced his sentencing range. The District Court denied the motion and this appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The standard of review of a district court's interpretation and application of the Sentencing Guidelines is plenary. United States v. Yeaman, 194 F.3d 442, 456 (3d Cir.1999).

Section 3582(c)(2) does not grant courts the authority to reduce a sentence merely to correct disparities in sentences which are unrelated to retroactive amendments to the Guidelines by the Sentencing Commission. As a general matter, without specific authorization, a court cannot alter a term of imprisonment after it has been imposed. United States v. Deleo, 644 F.2d 300, 301 (3d Cir. 1981). However, § 3582(c)(2) allows a court to reduce a sentence when a defendant has been sentenced to a term of imprisonment within a sentencing range that the Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o). United States v. McBride, 283

3

F.3d 612, 614 (3d Cir. 2002). Under § 3582(c)(2), a court may only reduce a sentence in response to an amendment of the Sentencing Guidelines if the amendment is one of the amendments named in the Sentencing Commission's policy statement § 1B1.10.[1]  Id.

Lena argued that subsequent amendments in 1992, listed in Appendix C to the Sentencing Guidelines as 439, and 1994, listed as 503, lowered his sentencing range because, under the Guidelines as amended, he would not have received the firearm sentence enhancement. Regardless of whether these amendments would have affected his sentence, they cannot serve as the basis for a sentence reduction because they are not listed in U.S.S.G. § 1B1.10(c). Further, we agree with the District Court that Booker does not provide a basis for a sentence reduction under § 3582(c). See, e.g., United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006).

In short, upon consideration of the record below and Lena's "Petition on Summary Action," we conclude that his appeal presents us with no substantial question. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's order.[2]

---

[1] § 1B1.10(c) reads: "Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, and 657."

[2] Because we agree with the District Court that Lena cannot proceed via Rule 60(b), to the extent that he requires a certificate of appealability to pursue his appeal, we decline to issue one.